**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 25-cv-00058-NYW-SBP

ROADSIDEIMPORTS LLC, and
JOHAN LUMSDEN,

      Plaintiffs,

v.

UNITED STATES,

      Defendant.

_____

**MEMORANDUM OPINION AND ORDER**
_____

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. 12], and Defendant's Motion for Partial Summary Judgment on Claims 4–8 ("Motion for Partial Summary Judgment"), [Doc. 22]. Plaintiffs Johan Lumsden ("Mr. Lumsden") and RoadsideImports, LLC ("Roadside") (together, "Plaintiffs") have responded to both Motions. [Doc. 16; Doc. 26]. Defendant United States ("Defendant" or "the Government") has replied. [Doc. 19; Doc. 31]. Upon review, the Court concludes that oral argument would not materially assist in the disposition of the Motions. For the reasons set forth below, the Motion to Dismiss is **GRANTED in part** and **DENIED in part as moot**, and the Motion for Partial Summary Judgment is **DENIED as moot**.

## BACKGROUND[1]

Plaintiff Johan Lumsden is an expert in the manufacture, sale, and repair of switchblades. [Doc. 1 at ¶ 9]. Roadside is an online switchblade business that Mr. Lumsden operated out of his Colorado home in 2020. [*Id.* at ¶¶ 1–2, 10–11]. Plaintiffs estimate that the market value of their switchblade inventory was approximately $5 million. [*Id.* at ¶ 12].

In October 2020, unnamed federal agents executed a no-knock raid on Mr. Lumsden's property. [*Id.* at ¶ 15]. The agents used flash grenades, injuring Mr. Lumsden and damaging his home. [*Id.* at ¶ 16]. Mr. Lumsden was handcuffed and placed in a patrol car long enough to cause nerve damage. [*Id.* at ¶ 17]. Mr. Lumsden's dog was tasered, damaging the dog's teeth. [*Id.* at ¶ 25]. The agents confiscated Plaintiffs' inventory and hard drives, which contain historical data essential to the resale value of some switchblades. [*Id.* at ¶¶ 18, 23]. Two and a half years later, the Government returned Plaintiffs' inventory, but the inventory was not "in substantially the same condition" as when it was seized. [*Id.* at ¶¶ 19, 41]. At that time, the Government told Mr. Lumsden that it "did not intend to pursue the matter further." [*Id.* at ¶ 19]. The Government has not returned the hard drives. [*Id.* at ¶ 23]. Plaintiffs allege that the Government's conduct has "destroy[ed] Plaintiffs' business" in addition to other damages. [*Id.* at ¶¶ 22, 26–27].

In January 2024, Plaintiffs submitted an administrative tort claim, also called a SF-

---

[1] The Court provides the following discussion as background only, although it notes that Plaintiff's factual allegations are generally undisputed. *See* [Doc. 22 at 2–3]. In resolving the jurisdictional arguments in the Motion to Dismiss, the Court credits Plaintiff's factual allegations only insofar as they are undisputed and not contradicted by documents in the record. *See infra* at 5.

95, to several federal agencies.  [Doc. 12-1]; *see also* [Doc. 12 at 2 n.1 (discussing filing date)].  The Department of Justice informed Plaintiffs that it had forwarded their claim to the Internal Revenue Service ("IRS") and Department of Homeland Security ("DHS").  [Doc. 12-2 at 2].  The IRS denied Plaintiffs' claim in November 2024, [Doc. 22-3], and this suit followed in January 2025, [Doc. 1].

Plaintiffs bring eight claims:   (1) conversion, (2) civil theft, (3) replevin, (4) negligence, (5) trespass, (6) assault and battery, (7) false imprisonment, and (8) invasion of privacy.  [Doc. 1 at ¶¶ 28–63].  They seek return of the hard drives and monetary damages, among other things.  [*Id.* at 8].  The Government moves to dismiss all eight claims.  [Doc. 12].  The Government contends that Plaintiffs' claims fall outside the waiver of sovereign immunity in the Federal Tort Claims Act ("FTCA") and, in any case, fail to state claims for relief.  *See* [*id.*].  In its Reply in support of the Motion to Dismiss, the Government asked the Court to reserve a ruling on sovereign immunity as to Claims 4–8 until the Court issued a summary-judgment ruling on the Government's affirmative defense that Plaintiffs failed to timely exhaust their administrative remedies for those claims.  [Doc. 19 at 1–2, 6–7].  The Government then presented that defense in the Motion for Partial Summary Judgment.  [Doc. 22].

**LEGAL STANDARDS**

**I.    Rule 56**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve

3

the issue either way.  A fact is material if under the substantive law it is essential to the

proper disposition of the claim."  *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194

(10th Cir. 2011) (citation and quotations omitted).  Where, as here, "the moving party has

the burden of proof—the plaintiff on a claim for relief or the defendant on an affirmative

defense—his showing must be sufficient for the court to hold that no reasonable trier of

fact could find other than for the moving party."  *Leone v. Owsley*, 810 F.3d 1149, 1153

(10th Cir. 2015) (cleaned up).  The Court views the record in the light most favorable to

the nonmovant and cannot weigh the evidence or determine the credibility of witnesses.

*See Fogarty v. Gallegos*, 523 F.3d 1147, 1165 (10th Cir. 2008); *Banner Bank v. First Am.*

*Title Ins. Co.*, 916 F.3d 1323, 1326 (10th Cir. 2019).

## II.    Rule 12(b)(1)

Rule 12(b)(1) provides that a complaint may be dismissed for "lack of subject-

matter jurisdiction."  Fed. R. Civ. P. 12(b)(1).  Federal courts are courts of limited

jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and

the burden of establishing federal jurisdiction falls on the party invoking it, *Merida Delgado*

*v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

A Rule 12(b)(1) motion may be classified as a facial attack or a factual attack on

subject matter jurisdiction.  Each type of attack implicates a different analytical framework.

The Tenth Circuit has explained that:

> Motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)
> may take one of two forms.  First, a party may make a facial challenge to
> the plaintiff's allegations concerning subject matter jurisdiction, thereby
> questioning the sufficiency of the complaint.  In addressing a facial attack,
> the district court must accept the allegations in the complaint as true.
> Second, a party may go beyond allegations contained in the complaint and
> challenge the facts upon which subject matter jurisdiction depends.  In
> addressing a factual attack, the court does not presume the truthfulness of

4

the complaint's factual allegations, but has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).

*United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001) (cleaned up).

When "the jurisdictional question is intertwined with the merits of the case, the [motion to dismiss] should be construed as a motion for summary judgment, not a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction." *Garcia v. U.S. Air Force*, 533 F.3d 1170, 1176 (10th Cir. 2008). "[I]f subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case," courts consider the jurisdictional question and merits of the case to be intertwined. *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000) (quotation omitted). But if the "pertinent jurisdictional facts are undisputed," conversion to a summary judgment standard is unnecessary. *Myles v. United States*, 52 F. App'x 108, 109 (10th Cir. 2002); *Lopez v. United States*, 376 F.3d 1055, 1061 (10th Cir. 2004) (declining conversion where facts in dispute were "immaterial to the applicability of" an exception to a waiver of sovereign immunity).

Here, the Government presents its Motion to Dismiss as a factual attack on jurisdiction. [Doc. 12 at 4–5]. The Government has submitted documents outside the pleadings for the Court's consideration. [Doc. 12-1; Doc. 12-2; Doc. 12-3]. Plaintiffs do not address this point. *See* [Doc. 16]. As explained below, the salient jurisdictional facts are uncontroverted, and the Court finds that conversion to a summary judgment standard is unnecessary. The Court thus resolves the Motion to Dismiss as a factual attack on subject matter jurisdiction.

III.    **Sovereign Immunity and the FTCA**

The United States is generally immune from suit pursuant to the doctrine of sovereign immunity, which precludes federal jurisdiction. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). But "[t]hrough 28 U.S.C. § 1346(b)(1), the FTCA waives sovereign immunity for certain state law tort claims against the United States." *Garling v. EPA*, 849 F.3d 1289, 1294 (10th Cir. 2017). The FTCA provides that the United States may be sued for damages for injuries

> caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). In other words, the FTCA waives sovereign immunity "with respect to certain injuries caused by government employees acting within the scope of their employment." *Tippett v. United States*, 108 F.3d 1194, 1196 (10th Cir. 1997). But the FTCA's waiver of immunity is subject to exceptions. "When an exception applies, sovereign immunity remains, and federal courts lack jurisdiction." *Garling*, 849 F.3d at 1294.

The Tenth Circuit has identified several "guiding principles" in determining whether an FTCA exception applies to a plaintiff's claims. *Ohlsen v. United States*, 998 F.3d 1143, 1154 (10th Cir. 2021). First, "a 'waiver of sovereign immunity must be strictly construed, in terms of its scope, in favor of the sovereign.'" *Id.* (quoting *Sossamon v. Texas*, 563 U.S. 277, 292 (2011)). Second, exceptions to the FTCA must be narrowly construed. *Id.*

(citation omitted).  Finally, consistent with the burden of proof borne by parties asserting subject matter jurisdiction, "the party suing the government bears the burden to prove a waiver of sovereign immunity."  *Id.* (citation omitted); *Miller v. United States*, 710 F.2d 656, 662 (10th Cir. 1983).

## ANALYSIS

### I.    Motion for Partial Summary Judgment

Because the briefing on the Motion for Partial Summary Judgment obviates the need to resolve certain issues in the Motion to Dismiss, the Court begins its analysis there.  The Government seeks summary judgment on Claims 4–8 in the Complaint—Plaintiffs' claims for negligence, trespass, assault and battery, false imprisonment, and invasion of privacy.  [Doc. 22].  The Government argues that Plaintiffs failed to comply with the FTCA's statute of limitations, which requires a plaintiff to present written notice of a claim "in writing to the appropriate Federal agency within two years after such claim accrues."  28 U.S.C. § 2401(b); *see* [Doc. 22 at 5–6].  Crediting Plaintiffs' factual allegations, the Government contends that Claims 4–8 accrued on October 1, 2020, the day of the raid.  [*Id.* at 6]; *see also* [*id.* at ¶¶ 4, 9–14].  But because Plaintiffs did not submit their administrative tort claim until January 2024, more than three years later, the Government asserts that these claims are time-barred.  [*Id.* at 6].

Plaintiffs do not dispute this argument.  Instead, they filed a "Conditional Confession of Summary Judgment on Claims 4–8."  [Doc. 26].  "Plaintiffs agree to summary judgment on Plaintiffs' claims 4, 5, 6, 7, and 8" but note that the Government has not disclosed the search warrant or supporting affidavit that led to the raid on Plaintiffs' property.  [*Id.* at 1].  Plaintiffs purport to "reserve the right to move for restoration of the

7

claims upon receipt of the affidavit." [*Id.*]. The Government replies that the warrant, affidavit, or other information would not affect the timeliness of Claims 4–8. [Doc. 31 at 2].

Although the Parties agree that Claims 4–8 are untimely, § 2401(b)'s two-year time limit for giving notice to a federal agency is not jurisdictional. *See United States v. Wong*, 575 U.S. 402, 410 (2015). Thus, the Court finds it inappropriate to enter summary judgment because it has not first resolved its subject matter jurisdiction as to Claims 4– 8. *See* [Doc. 12 at 5–7; Doc. 16 at ¶¶ 3–4]; *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception." (quotation omitted)); *Valenzuela v. Silversmith*, 699 F.3d 1199, 1204–05 (10th Cir. 2012) (explaining that federal courts cannot "assume they have subject matter jurisdiction for the purpose of deciding claims on the merits"). Instead, the Court construes Plaintiffs' "conditional confession" of Claims 4–8 as a motion for voluntary dismissal under Rule 41(a)(2) and respectfully **GRANTS** such motion. *See* Fed. R. Civ. P. 41(a)(2). Claims 4–8 are **DISMISSED without prejudice**. Defendant's Motion for Partial Summary Judgment is respectfully **DENIED as moot**.

## II.    Motion to Dismiss

The Government's Motion to Dismiss seeks dismissal of all eight of Plaintiff's claims. *See* [Doc. 12]. Having permitted voluntary dismissal of Claims 4–8, the Court **DENIES as moot** the Motion to Dismiss insofar as it challenges those claims. The Court limits its analysis to Claims 1–3, which are claims for conversion, civil theft, and replevin. These claims spring from the Government's seizure of Plaintiffs' inventory and hard drives and its continued failure to return the hard drives. *See* [Doc. 1 at ¶¶ 28–43]. In the Motion

to Dismiss, the Government argues, among other things, that these claims are barred by the FTCA's "detention of goods" exception.  [Doc. 12 at 7–8]; 28 U.S.C. § 2680(c). Plaintiffs respond that Claims 1–3 fall outside this exception and that, even if the exception applies, the claims are authorized by the Civil Forfeiture Reform Act of 2000 ("CAFRA"), 28 U.S.C. § 2680(c)(1)–(4).  [Doc. 16 at ¶¶ 5–11].  Alternatively, Plaintiffs request jurisdictional discovery.  [*Id.* at ¶¶ 17–20].  The Court addresses each issue in turn.

### A.     Section 2680(c):  the "Detention" Exception

This exception bars "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement office."  28 U.S.C. § 2680(c).  The Supreme Court has interpreted this exemption to cover claims based on the negligent handling, storage, or loss of property detained by any federal law enforcement officer.  *See Kosak v. United States*, 465 U.S. 848 (1984); *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214 (2008).  In *Kosak*, the Court held that the exception applied to claims against customs officials who seized a plaintiff's artwork and allegedly negligently damaged the property while it was in their custody.  465 U.S. at 849–50, 854.  In *Ali*, the Court held that prison officers who allegedly lost a prisoner's property were "other law enforcement officer[s]" within the meaning of the exception.  552 U.S. at 218–21.  Relying on these precedents, the Government contends that Plaintiffs' Claims 1–3 "fall[] squarely within the detention of goods exception."  [Doc. 19 at 5]; *see also* [Doc. 12 at 7 (analyzing *Kosak*)].

The Court is respectfully unpersuaded by Plaintiffs' various counterarguments. *See* [Doc. 16 at ¶¶ 5–6].  First, Plaintiffs suggest that the detention exception applies only to importing goods.  [*Id.*].  That position is foreclosed by *Ali*, which held that § 2680(c) is

"not limited to officers acting in a customs or excise capacity."  552 U.S. at 221.  Second,

Plaintiffs argue that a "detention" is "temporary" and therefore distinct from a "seizure."

[Doc. 16 at ¶ 5].  But *Ali* applied the exception to a permanent loss of property, 552 U.S.

at 221, and Tenth Circuit has held that a "seizure" qualifies as a "detention of goods," *see,*

*e.g.*, *United States v. 2,116 Boxes of Boned Beef, Weighing Approximately 154,121*

*Pounds*, 726 F.2d 1481, 1491 (10th Cir. 1984).  In any case, the Court perceives nothing

in the plain meaning of the word "detention" that precludes a permanent detention.

*Detention*, Black's Law Dictionary (12th ed. 2024) (defining detention to include "[c]ustody

of property" or "withholding of another's personal property"); *Detention*, Merriam-Webster,

https://www.merriam-webster.com/dictionary/detain (last visited March 25, 2026) ("to hold

or keep in or as if in custody").  And the Sixth Circuit case relied on by Plaintiffs only

distinguished "detention" from "seizure" in reaching its conclusion that § 2680(c) applies

only to customs officers—a holding which has since been abrogated by *Ali*.  *See Kurinsky*

*v. United States*, 33 F.3d 594, 597–98 (6th Cir. 1994), *abrogated by Ali*, 552 U.S. 214.

Third, Plaintiffs propose that the detention exception only applies to officers who

"destroy[] property in the process of detaining it," as opposed to destruction that occurs

"after [the property] ha[s] been secured."  [Doc. 16 at ¶ 6 (emphasis omitted)].  This is the

exact interpretation rejected in *Kosak*, where the petitioners argued that § 2680(c) covers

"only claims for damage caused by the detention itself and not for the negligent

destruction of property while it is in the possession of the [Government]."  465 U.S. at 852

(cleaned up).  The Supreme Court disagreed, explaining that § 2680(c) applies to "a claim

resulting from negligent handling or storage of detained property."  *Id.* at 854.  "Following

*Kosak*, '[t]he courts have interpreted section 2680(c) to bar claims premised on essentially

any injury to property sustained during its detention.'"  *Walkner v. United States*, 43 F.
App'x 340, 342 (10th Cir. 2002) (quoting *United States v. Bein*, 214 F.3d 408, 415 (3d Cir.
2000)) (describing *Kosak* as applying to "the negligent destruction of property").  In short,
Plaintiffs' claims that federal law enforcement agents confiscated, detained, and
destroyed (or failed to return) their property arise from a "detention of goods" and thus fall
within § 2680(c).

### B.     CAFRA

Even if Claims 1–3 arise from a "detention of goods," Plaintiffs argue, sovereign
immunity for these claims is still waived through CAFRA.  [Doc. 16 at ¶ 7]; *see* 28 U.S.C.
§ 2680(c)(1)–(4).  If § 2680(c) is an exception to the FTCA's waiver of sovereign immunity,
then CAFRA is "the exception to the exception."  *Ali*, 552 U.S. at 239 (Kennedy, J.,
dissenting).  CAFRA re-waives sovereign immunity for otherwise-excepted claims where,
inter alia, the claimant's property was "seized for the purpose of forfeiture under any
provision of Federal law providing for the forfeiture of property other than as a sentence
imposed upon conviction of a criminal offense."  § 2680(c)(1); *see also* § 2680(c)(2)–(4)
(imposing other requirements for CAFRA to apply).

As an initial matter, Plaintiffs provide no evidence or factual allegations that the
Government confiscated their property for the purpose of forfeiture.  *See* [Doc. 16].
Indeed, there is no such evidence in the record.  The Government never pursued further
proceedings, forfeiture or otherwise, against Plaintiffs.  [Doc. 1 at ¶¶ 19–20].  And the
Government has submitted the Declaration of IRS Supervisory Special Agent Melinda
Wilgus, who avers that Plaintiffs' property "was seized as evidence as part of" an IRS

11

investigation into "Plaintiffs' potential criminal tax fraud." [Doc. 12-3 at ¶¶ 2–3]. Whether the IRS was contemplating forfeiture as opposed to other sanctions is entirely speculative.

Implicitly conceding the lack of evidence for forfeiture, Plaintiffs argue that "[f]orfeiture is a synonym for a fine." [Doc. 16 at ¶ 7 (citing *Austin v. United States*, 509 U.S. 602, 614 n.7 (1993) (discussing Founding-era sources equating "forfeiture" and "fine"))]. But whether 18th century common law sources understood "forfeiture" to also mean "fine" is inapposite to the applicability of CAFRA. Section 2680(c)(1) does not mention "forfeiture" in a generic sense; it specifically refers to "forfeiture under any provision of Federal law providing for the forfeiture of property." Plaintiffs do not explain what "fine" they are referencing, much less establish that such a fine would be covered by a federal forfeiture statute. This alone means that Plaintiffs fail to carry their burden to establish a waiver of sovereign immunity. *See Ohlsen*, 998 F.3d at 1154.

Even if Plaintiffs could demonstrate that the federal agents seized their property for the purpose of forfeiture, they fail to establish that the seizure occurred "solely for purposes of forfeiture." *Shigemura v. United States*, 504 F. App'x 678, 680 (10th Cir. 2012). When federal agents act with a "dual purpose," such as "seizing for investigation *and* for forfeiture," CAFRA does not apply. *See id.* (emphasis added). *Shigemura* explained that the sole-purpose rule advances the FTCA's intent not to "impair 'law enforcement officers' effectiveness in carrying out the important purposes underlying the seizure and redirect their attention from the possibility of danger in executing the search warrant to the possibility of civil damages.'" *Id.* (quoting *Foster v. United States*, 522 F.3d 1071, 1078 (9th Cir. 2008)). Although *Shigemura* is an unpublished decision, it adopted the sole-purpose rule from the Ninth Circuit's decision in *Foster*. *See id.* Several other

12

circuits have done the same. *See, e.g.*, *Myers v. Mayorkas*, 67 F.4th 229, 235 (4th Cir. 2023); *Smoke Shop, LLC v. United States*, 761 F.3d 779, 784 (7th Cir. 2014); *Bowens v. U.S. Dep't of Just.*, 415 F. App'x 340, 343 (3d Cir. 2011). Plaintiffs cite no authority rejecting the sole-purpose rule—the only case they cite, *Diaz v. United States*, 517 F.3d 608, 613 (2d Cir. 2008), did not consider the sole-purpose rule or § 2680(c)(1) because it was "immediately clear" that the plaintiff could not satisfy one of CAFRA's other requirements. 517 F.3d at 613–14; [Doc. 16 at ¶ 9]. The Court respectfully finds *Shigemura*, *Foster*, and other decisions adopting the sole-purpose rule to be persuasive and consistent with the rule that waivers of sovereign immunity must be strictly construed in favor of the sovereign. *See Ohlsen*, 998 F.3d at 1154.

Plaintiffs also ask the Court not to apply the sole-purpose rule because they claim the Government's investigative purpose in seizing Plaintiffs' property was not "bona fide," and that the Government's confiscation of their property was "[in]consistent with a criminal prosecution to recover back taxes." [Doc. 16 at ¶¶ 8, 10]. These arguments are conclusory and unsupported by any factual allegations. Plaintiffs' theory appears to be that the Government's investigation into them (or at least the raid) was a mere pretext for forfeiture, but they never explain how the Government could obtain forfeiture based on "criminal tax fraud," [Doc. 12-3 at ¶ 3], without first conducting an investigation. The Court appreciates that no charges were brought and that Plaintiffs dispute the basis for the investigation and raid. But fundamentally, Plaintiffs fail to demonstrate that the seizure of a business's records and inventory is inconsistent with an investigation of potential tax crimes. The record before the Court uniformly reflects that Plaintiffs' property was confiscated at least partly for purposes of a criminal investigation, and at least some of

13

the seized items would become "evidence" if the Government elected to pursue charges. *See* [*id.* at ¶ 2].  Because Plaintiffs have failed to demonstrate that forfeiture was the sole purpose of the Government's actions, CAFRA does not apply, and Plaintiffs' claims are barred.  *See Shigemura*, 504 F. App'x at 680.

### C.    Jurisdictional Discovery

In the alternative, Plaintiffs request jurisdictional discovery.  [Doc. 16 at ¶¶ 17–20]. As Defendants point out, this request violates this District's Local Rules, which do not permit an affirmative motion to be included in a response to another motion.  [Doc. 19 at 7]; D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion.  A motion shall be filed as a separate document.").  Even if this argument were properly raised, Plaintiffs fail to demonstrate that discovery is warranted.

District courts possess "broad discretion" to determine whether to permit jurisdictional discovery.  *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1233 (10th Cir. 2020).  Denying jurisdictional discovery is an abuse of discretion, however, if it would prejudice a party.  *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 (10th Cir. 2010).  "Prejudice exists where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary."  *Dental Dynamics*, 946 F.3d at 1233 (cleaned up).  The party seeking discovery bears the burden of establishing prejudice.  *Id.*

Based on the record before it, the Court concludes that Plaintiffs have not carried their burden.  First, they seek discovery regarding "the basis for the search warrant, the basis for alleging back due taxes, the calculations of the amounts allegedly due, the participants in the raid, the individuals who transported, housed, and inspected Plaintiffs'

14

inventory, all reports concerning the raid, and all reports concerning post-raid detention and collection." [Doc. 16 at ¶ 18]. Plaintiffs vaguely suggest that discovery on these facts could somehow undermine the Government's assertion of the FTCA's detention exception. [*Id.*]. But they do not explain what specific jurisdictional facts are controverted or how these discovery topics would tip the scales regarding the application of the exception. Rather, it appears that discovery would only confirm what the record already shows: that the IRS (with possible assistance from DHS) was investigating Plaintiffs for criminal tax fraud, that the IRS obtained a warrant and confiscated Plaintiffs' property pursuant to that investigation, and that Plaintiffs' Claims 1–3 arise from the Government's detention of their property. Plaintiffs' speculation that their requested discovery may be "relevant to sovereign immunity" is insufficient to establish prejudice. *See Breakthrough Mgmt.*, 629 F.3d at 1190 (noting that district court may reject request for jurisdictional discovery that is "based on little more than a hunch that [discovery] might yield jurisdictionally relevant facts" (quoting *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008)).

Plaintiffs next seek discovery to explore other potential claims that they may wish to bring in the future. [Doc. 16 at ¶¶ 19–20]. But that would amount to a "fishing expedition" with little, if any, bearing on the Court's assessment of its jurisdiction over Plaintiffs' current claims. *Breakthrough Mgmt.*, 629 F.3d at 1190 (quotation omitted). The case law is clear that judges are trusted to prevent discovery from becoming "'fishing expeditions' or an undirected rummaging . . . for evidence of some unknown wrongdoing." *See Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 531 (2009). Plaintiffs fail to justify their request for jurisdictional discovery on this basis.

15

Accordingly, Defendant's Motion to Dismiss is respectfully **GRANTED** as to Claims 1–3, and those claims are **DISMISSED without prejudice**. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("[A] jurisdictional defect calls for a dismissal without prejudice."). The Court need not reach the Parties' remaining arguments regarding other FTCA exceptions or whether Plaintiffs have stated a plausible claim for relief.

### CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) Plaintiff's Conditional Confession of Summary Judgment on Claims 4–8 [Doc. 26] is **CONSTRUED** as a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2); such motion is **GRANTED**; and Claims 4–8 are **DISMISSED without prejudice**;

(2) Defendant's Motion for Partial Summary Judgment on Claims 4–8 [Doc. 22] is **DENIED as moot**;

(3) Defendant's Motion to Dismiss [Doc. 12] is **GRANTED** as to Claims 1–3 and **DENIED as moot** as to Claims 4–8;

(4) Claims 1–3 are **DISMISSED without prejudice** for lack of subject matter jurisdiction; and

(5) The Clerk of Court is **DIRECTED** to **TERMINATE** this case.

DATED:  March 25, 2026                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge

16