**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-00058-NYW-SBP

ROADSIDEIMPORTS LLC, and
JOHAN LUMSDEN,

      Plaintiffs,

v.

UNITED STATES,

      Defendant.

---

**MINUTE ORDER**

---

Entered by Judge Nina Y. Wang

      This matter is before the Court on Plaintiffs' Motion for Partial Reconsideration (or "Motion"). [Doc. 34]. The Court addresses the Motion without waiting for a response. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

      The Court recently construed Plaintiffs' "confession" of certain claims as a voluntary dismissal and dismissed the remaining claims on sovereign immunity grounds. *See* [Doc. 32 at 7–14]. The Court concluded that sovereign immunity applied because the relevant governmental conduct fell within the Federal Tort Claims Act's ("FTCA") "detention of goods" exception, 28 U.S.C. § 2680(c). [Doc. 32 at 9–11]. The Court also denied Plaintiffs' request for jurisdictional discovery. [*Id.* at 14–15]. Relevant here, Plaintiffs sought discovery to explore potential *Bivens* claims that had not been pleaded. [Doc. 16 at 9–10]. In rejecting that request, the Court explained that allowing Plaintiffs jurisdictional discovery to explore potential future claims would amount to a "fishing expedition" with little bearing on whether the Court had jurisdiction over the pleaded claims. [Doc. 32 at 15 (quoting *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 (10th Cir. 2010))].

      Plaintiffs now attempt a variation on this theme. They ask the Court to reconsider its ruling on jurisdictional discovery, not because the Court misapprehended the facts or the law regarding jurisdictional discovery on their pleaded claims, but because they believe discovery might yield information they could use to assert a different new claim. [Doc. 34]. Plaintiffs contend that "the circumstances of this case" could support a claim under the Takings Clause of the Fifth Amendment. [*Id.* at ¶ 4]. Discovery on this hypothetical claim, they argue, is necessary under Rule 59(e) to avert a "manifest

injustice." [*Id.* at 2 ¶ 3]; *see also* Fed. R. Civ. P. 59(e); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Federal Rules of Civil Procedure do not expressly contemplate motions for reconsideration. *See Hatfield v. Bd. of Cnty. Comm'r*s, 52 F.3d 858, 861 (10th Cir. 1995). But courts may grant reconsideration to "prevent manifest injustice." *Servants of the Paraclete*, 204 F.3d at 1012. Whether to grant reconsideration under Rule 59(e) is within the district court's discretion. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

The Court is respectfully unpersuaded that reconsideration is warranted. Courts permit jurisdictional discovery where the "pertinent facts bearing on the question of jurisdiction are controverted." *Breakthrough Mgmt.*, 629 F.3d at 1189 (quotation omitted). But the question of jurisdiction over the claims in this case has been resolved, and Plaintiffs do not ask the Court to consider its ruling on that issue. Plaintiffs' argument that jurisdictional discovery might enable them to bring other claims at some other time is thus inapposite to whether the Court has jurisdiction over this case. "Jurisdictional discovery is not designed as a tool to 'allow plaintiffs to fish for additional grounds of jurisdiction that they have not alleged.'" *Doe 1 v. Gov't of U.S. Virgin Islands*, 771 F. Supp. 3d 379, 398 (S.D.N.Y. 2025) (cleaned up) (quoting *Universal Trading & Inv. Co. v. Credit Suisse (Guernsey) Ltd.*, 560 F. App'x 52, 56 (2d Cir. 2014)); *see also Breakthrough Mgmt.*, 629 F.3d at 1190 (noting that district court may reject request for jurisdictional discovery that is "based on little more than a hunch that [discovery] might yield jurisdictionally relevant facts" (quoting *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008))). Put differently, plaintiffs cannot conduct a fishing expedition for jurisdictional facts first and then assert their claims later. *Cf. Cuomo v. Clearing House Ass'n, L.L.C.,* 557 U.S. 519, 531 (2009) (observing that judges are trusted to prevent "fishing expeditions" or an undirected rummaging through materials for evidence of some unknown wrongdoing). But that is exactly what Plaintiffs seek to do—revive a dismissed lawsuit to conduct jurisdictional discovery on potential claims, *even though they have no pending claims*. In its discretion, the Court declines to reconsider its ruling denying jurisdictional discovery on claims that Plaintiffs have not pleaded.[1]

For these reasons, **IT IS ORDERED** that:

(1)    The Motion for Partial Reconsideration [Doc. 34] is **DENIED**.

DATED: April 21, 2026

---

[1] Nor is it clear to the Court that the discovery Plaintiffs seek is "pertinent" to the "question of jurisdiction." *Breakthrough Mgmt.*, 629 F.3d at 1189 (quotation omitted). Plaintiffs argue that a "detention [under 28 U.S.C. § 1680(c)] can evolve into a violation of the Takings Clause of the Fifth Amendment," and seek discovery to determine whether such evolution occurred. [Doc. 34 at ¶ 2]. But they provide no explanation or authority to support this bald statement, and the Court need not make arguments on their behalf. *See, e.g.*, *United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this [C]ourt's duty, after all, to make arguments for a litigant that he has not made for himself.").